UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-00074-RCL |
| | : | |
| GREGORY BOURNES JR. | : | |
| Defendant. | : | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, by and through counsel, respectfully submits this memorandum in aid of sentencing. He requests that he be sentenced to 27 months for the reasons outlined below.

### PROCEDURAL BACKGROUND

1. On March 9, 2023, a federal grand jury in the United States District Court for the District of Columbia returned a one-count Indictment charging Gregory Bournes Jr. and Dream Jackson with Conspiracy to Commit an Offense Against the United States, in violation of 18 USC §371.

2. On October 5, 2023, Mr. Bournes pled guilty, pursuant to a written Rule 11(c)(1)(B) plea agreement, to the Indictment. He acknowledged that a conviction for this offense carries a maximum sentence of five years imprisonment; a fine of up to $250,000 pursuant to 18 USC §3571; a term of supervised release of not more than 3 years pursuant to 18 USC §3583(b)(2). Additionally, the defendant agreed to pay a $100 special assessment per felony conviction.

1

3.  The Presentence Report (PSR) found a base offense level of 17, a criminal history category III (4 points), and a resulting guideline range of 30 to 37 months. Defendant will ask for a criminal history category reduction to category II, due to the minor nature of the defendant's prior convictions. If adopted by the Court, the defendant's range for a base offense level 17, criminal history category II, would be 27 to 33 months. The United States has agreed to limit its allocution to the high end of the guidelines found by the Court at the time of sentencing. Defendant will argue for the low end of his guideline range.

## MATERIAL ERRORS IN PSR

4.  There are no material errors in the PSR

## SENTENCING FACTORS

5. The core requirement of 18 U.S.C. §3553(a) is that the court impose *"a sentence sufficient, but not greater than necessary"* to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

• The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);

• the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

• the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

• the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

• the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D);

• the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

• the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

• "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

• "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## PERSONAL BACKGROUND

6. Gregory Bournes, of Cherokee heritage, suffers from PTSD, anxiety, and depression. He has been in treatment for years. PSR at ¶¶ 164 to 166. Bournes was the victim of an intentional shooting about 8 years ago, which left him severely traumatized. PSR at ¶ 164.

3

7. Bournes became addicted to Percocet after having been prescribed the drug while recovering from a work-related back injury. PSR at ¶ 169. He was self-medicating and laboring under this addiction throughout his involvement in the charged conspiracy.

8. Bournes' criminal history category is overrepresented. His prior convictions are for very minor offenses. He has been assessed 4 criminal history points and consequently falls into criminal history category III. The defendant has 3 prior simple possession of marijuana convictions. U.S.S.G § 4A1.3, comment. n.3 (A)(ii) states a departure may be warranted to remove points assessed for simple possession of marijuana. Mr. Bournes requests that the Court reduce his criminal history category from III to II. This results in a guideline range of 27 to 33 months.

## THE OFFENSE

9. Bournes has accepted responsibility for his indifference to the consequences of selling firearms to people with suspect backgrounds. Initially, Bournes ignored the fine print and assumed he could resell a firearm he purchased. However, as time went on it became abundantly clear to him that this was not the case. This lapse in judgement has resulted in his going from a petty offender to a serious felon. He can only say that he understands the gravity of what he has done and is now paying the price for his actions.

10.  Over 80 firearms were purchased by Bournes and Jackson. However, their home in Georgia was burglarized and some of the purchased firearms were stolen. Also, Bournes' automobile was broken into when he was moving and again, more firearms were stolen.

## DETERRENCE & SAFTEY OF COMMUNITY

11. Mr. Bournes is not a man used to incarceration. He has not been in and out of the system all his life. He simply fell on challenging times, struggled with mental health and addiction issues, and landed where he now is – jail.  Free of drugs (except treatment related medications) he has had time to reflect on what he did and what the consequences have been – incarceration. And he knows that this is not the life for him, a fact he has relayed to counsel on many occasions since Your Honor stepped him back.

## INCARCERATION

12. Mr. Bournes requests that he be referred to the RDAP program while he serves his sentence for the reasons identified in ¶ 7. Mr. Bournes also requests that he be sent to a facility equipped to treat his mental health issues. See, ¶ 6, *supra*. Finally, he requests that he be referred to participate in some form of vocational training – while incarcerated and while on supervised release. To his credit, he has his GED, but has no vocational training.

## CONCLUSION

Mr. Bournes submits that a sentence 27 months is a "sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this response was served on counsel for the United States via the court's CM/ECF system and by email to on this 20th day of February 2024.

_____/s/_____
Christopher M. Davis
